IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BILL LIETZKE,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF MONTGOMERY, et al,,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION<br><br>Case Nos.<br>2:24-cv-00032-JNP-JCB<br>2:24-cv-00040-JNP-JCB<br>2:24-cv-00043-JNP-JCB<br>2:24-cv-00045-JNP-JCB<br>2:24-cv-00046-JNP-JCB<br>2:24-cv-00047-JNP-JCB<br>2:24-cv-00048-JNP-JCB<br><br>Chief District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

Plaintiff Bill Lietzke initiated the seven cases listed above in the caption. Each involves claims against the City of Montgomery, the City of Birmingham, and other defendants based in Alabama. *See* ECF No. 19 ("R. & R.") at 2–8 (providing the relevant background).[1] Judge Jared C. Bennett recommended that all seven cases be dismissed without prejudice for improper venue because "the defense of improper venue is obvious from the face of . . . Lietzke's complaints" under 28 U.S.C. § 1391(b). *Id.* at 9, 16. He further recommended that Lietzke be warned that any

---

[1] All citations to docket entries refer to the docket in the lowest-numbered case. The relevant documents have been filed in all seven cases but bear different docket numbers.

future abusive and frivolous filings in this court will result in the imposition of filing restrictions upon him in this district." *Id.* at 17.

The court "shall make a de novo determination of those portions of the report . . . or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3). Here, Lietzke objects to Judge Bennett's venue analysis on two grounds. ECF No. 20 ("Pls.' Objs."). He first contends that venue is proper under 28 U.S.C. § 1391(b)(3) because "there is no district in which [the] action may otherwise be brought" under § 1391(b). *Id.* at 2 (quoting § 1391(b)(3)). But, as Judge Bennett concluded, this provision does not apply because venue would be proper in districts in Alabama under 28 U.S.C. § 1391(b)(1)–(2) based on where the defendants are located and the alleged misconduct occurred. *See* R. & R. at 10. He then contends that venue is proper based on the federal questions statute, 28 U.S.C. § 1331. Pls.' Objs. at 2. But "[t]his statute [only] gives the court jurisdiction[] and does not speak of venue." *Hill v. United Airlines*, 550 F. Supp. 1048, 1053 (D. Kan. 1982).

Accordingly, the court OVERRULES Lietzke's objections and ADOPTS Judge Bennett's report and recommendation in full. The court ORDERS that Lietzke's seven actions are DISMISSED WITHOUT PREJUDICE for improper venue and "Lietzke be warned that any future abusive and frivolous filings in this court will result in the imposition of filing restrictions upon him in this district." R. & R. at 17.

DATED July 31, 2026

BY THE COURT

Jill N. Parrish
United States District Court Judge

2